UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

STEVEN PYETT, THOMAS O'CONNELL,
and MICHAEL PHILLIPS,

      Plaintiffs,

   -against-

LOCAL 32B-32J SERVICE EMPLOYEES
INTERNATIONAL UNION, AFL-CIO,
PENNSYLVANIA BUILDING COMPANY,
14 PENN PLAZA LLC, and TEMCO SERVICE
INDUSTRIES, INC.,

      Defendants.
-----------------------------------------------------------------------x

**COMPLAINT**

**Jury Trial Demanded**

**Civil Action No.**

    Plaintiffs, STEVEN PYETT, THOMAS O'CONNELL, and MICHAEL

PHILLIPS, by their attorneys, Kreisberg Maitland & Thornhill, LLP, as and for their complaint

herein, respectfully allege and show to this Court the following:

## NATURE OF ACTION

    1.   This is a civil action arising under 29 U.S.C. § 185, in which the plaintiffs

allege that the defendant, LOCAL 32B-32J SERVICE EMPLOYEES INTERNATIONAL

UNION, AFL-CIO ("Local 32B-J"), breached its duty of fair representation toward them, by

withdrawing from arbitration their grievances that they were wrongfully removed from their

former positions of employment in the building known as 14 Penn Plaza, New York, New York

(the "building"), and reassigned to other, less desirable, positions in the building, in violation of

the collective bargaining agreement by which they were covered.

## JURISDICTION

    2.   This Court has jurisdiction herein under 29 U.S.C § 185 (a) and 28 U.S.C

§ 1331.

## VENUE

3.      Venue is proper in this Court under 29 U.S.C. § 185 (c) and 28 U.S.C.  § 1391 (b).

## PARTIES

4.      The plaintiff, STEVEN PYETT ("Pyett"), is and was at all times relevant hereto, an citizen residing in the state of Pennsylvania,  a member of the defendant Local 32 B-J, and an employee in the building.

5.      The plaintiff, THOMAS O'CONNELL ("O'Connell"), is and was at all times relevant hereto, a citizen residing in the state of Pennsylvania, a member of the defendant Local 32 B-J, and an employee in the building.

6.      The plaintiff, MICHAEL PHILLIPS, is and was at all times relevant hereto, a citizen residing in the state of  New York, a member of the defendant Local 32B-J, and an employee of the building.

7.      Upon information and belief, the defendant, PENNSYLVANIA BUILDING COMPANY ("PBC"), located at 14 Penn Plaza, New York, New York, is and was at all times relevant hereto, a New York corporation which itself, or through one or more of its affiliated or related companies, is the owner and operator of the building.

8.      Upon information and belief, the defendant, 14 PENN PLAZA LLC ("14 PPLLC"), located at 14 Penn Plaza, New York, New York, is and was at all times relevant hereto, a New York limited liability company,  an affiliated company of the defendant PBC and an alter-ego thereof.

2

9.      Upon information and belief, the defendant, TEMCO SERVICE INDUSTRIES, INC. ("Temco"), located at 2 Park Avenue, New York, New York, is and was at all times relevant hereto a New York corporation which provides cleaning, maintenance, security and other services to the defendants PBC and/or 14 PPLLC at the building known as 14 Penn Plaza, New York, New York.

10.     Upon information and belief, the defendant LOCAL 32B-32J, is and was at all times relevant hereto, a labor organization having its office located at 101 Avenue of the Americas, New York, New York, which represents for purposes of collective bargaining  many thousands of  building service employees employed at buildings throughout the City of New York, including the plaintiffs and certain other building service employees employed at the building known as 14 Penn Plaza, New York, New York.

## FACTS

The Plaintiffs' Background and Employment History in the Building.

11.     The plaintiff Pyett was born on October 18, 1952.

12.     The plaintiff Pyett began working in the building in or about 1970, and has been continuously employed in the building from that date until the present.

13.     The plaintiff Pyett has held various positions in the building, including elevator operator (1970-72), porter (1972-74), handyman (1974-76), night porter (1976-82), day elevator starter (1982-83), freight elevator operator (1983-84), night starter (1984-89),  night watchman (1989-2003), and night porter (2003-present).

14.     The plaintiff O'Connell was born on June 19, 1942.

15.     The plaintiff O'Connell began working in the building in or about 1969,

was continuously employed in the building from that date until approximately 1982, returned to work in the building in approximately 1988, and was continuously employed in the building from that date until the date of his retirement, in or about July 2004.

16.    The plaintiff O'Connell held various positions in the building, including security (1969-1977), night watchman (1977-1982), handyman (1988-89), freight operator (1989-1992), night watchman (1992-2003), and night porter (2003-04).

17.    The plaintiff Phillips was born on February 28, 1948.

18.    The plaintiff Phillips began working in the building in or about 1995, and has been continuously employed in the building from that date until the present.

19.    The plaintiff Phillips has held the positions of night starter (1995-2003) and night porter (2003-present) in the building.

The Defendant Temco is Hired at the Building.

20.    Upon information and belief, in or about 1982, the defendant Temco began providing maintenance and cleaning services in the building. Upon further information and belief, at or about said time, the plaintiffs and the other building service employees in the building were transferred from the payroll of the defendant PBC to the payroll of the defendant Temco.  Notwithstanding such payroll change, and continuing to the present , the plaintiffs have continued to receive their work assignments, and take direction in the performance of their duties, from supervisory employees of the defendant PBC.

Spartan Security is Hired at the Building.

21.    Upon information and belief, in or about August 2003, Spartan Security was hired by the defendant PBC to provide security services at the building.

22.     Upon information and belief, Spartan Security is a subsidiary, division, department,  related or affiliated company of the defendant Temco.

The Collective Bargaining Agreement Covering The Plaintiffs.

23.     Upon information and belief, at all times relevant hereto, the defendants PBC and Temco were, and they still are, party to a collective bargaining agreement with the defendant Local 32B-J, covering the terms and conditions of employment of all building maintenance and service employees employed at the building, including the plaintiffs.

24.     At all times relevant hereto, the plaintiffs were members in good standing of the defendant Local 32B-J, and covered by the terms of the aforesaid collective bargaining agreement between said defendant and the defendants PBC and Temco.

25.      Upon information and belief, at the time they were hired to perform services at the building, in or about August 2003, and presently, Spartan Security was and is not party to any collective bargaining agreement with the defendant Local 32B-J, and the employees of Spartan Security in the building were and are not covered by the terms of any collective bargaining agreement between Spartan Security and the defendant Local 32B-J.

The Plaintiffs are Assigned to Less Favorable Positions in the Building, Replaced by Employees of Spartan and Subject to other Adverse Treatment

26.     On or about August 11, 2003, the plaintiff Pyett was informed by the defendants PBC and Temco that his position was being changed from night watchman to night porter, the position he presently holds, and his position was so changed effective that date.

27.     The position of night porter in the building was and is a substantially less desirable position than the position of night watchman.

28.     The change in the position of the plaintiff Pyett from night

watchman to night porter has resulted in a substantial loss of income for him.

29.    Upon information and belief, the night watchman position in the building formerly held by the plaintiff Pyett was given by the defendants PBC and Temco to an employee of Spartan, who is much younger than the plaintiff Pyett, and who had much less seniority in the building than the plaintiff Pyett.

30.    Upon information and belief, on a date presently unknown, but believed to be after August 11, 2003, a handyman position in the building became available.

31.    That the plaintiff Pyett duly applied for said handyman position in the building and was fully qualified for said position.

32.    That the plaintiff Pyett was not selected for said handyman position. Said position was instead given to an employee in the building who had much less seniority in the building than the plaintiff Pyett and who was much younger than him.

33.    That the wages and overtime opportunities for the position of handyman were and are substantially greater than the wages and overtime opportunities for the position of night porter.

34.    That as a result of not having been selected for the position of handyman in the building, the plaintiff Pyett has suffered and continues to suffer substantial lost wages and overtime.

35.    That following his removal from the position as night watchman in the building and his reassignment to the position of night porter effective August 11, 2003, as aforesaid, the defendants PBC and Temco changed the method in which overtime is assigned to employees in the building, so that beginning on or about said date, overtime was no longer

6

assigned on a rotating basis among all the employees in the building, as required under the terms

of  the aforesaid collective bargaining agreement.

36.    That the plaintiff Pyett has been and continues to be damaged by the

aforesaid unequal assignment of overtime in the building.

37.    On or about August 11, 2003, the plaintiff O'Connell was informed

by the defendants PBC and Temco that his position was being changed from night watchman to

night porter, the position he held from on and after that date until the date of his retirement, in or

about July 2004, as aforesaid, and his position was so changed effective that date.

38.    The change in the position of the plaintiff O'Connell from night

watchman to night porter resulted in substantial loss of income for him.

39.    Upon information and belief, the night watchman position in the building

formerly held by the plaintiff O'Connell was given by the defendants PBC and Temco to an

employee of Spartan, who is much younger than the plaintiff O'Connell, and who had much less

seniority in the building than the plaintiff O'Connell.

40.    That the plaintiff O'Connell duly applied for the aforesaid handyman

position which became available in the building following August 11, 2003, and was fully

qualified for said position.

41.    That the plaintiff O'Connell was not selected for said handyman position.

Said position was instead given to an employee in the building who had much less seniority in

the building than the plaintiff O'Connell and who was much younger than him.

42.    That as a result of not having been selected for the position of

handyman in the building, the plaintiff O'Connell suffered substantial lost wages and overtime

7

from the date of his non-appointment to the date of his aforesaid retirement, in or about July 2004.

43.     That following his removal from the position of night watchman in the building and his reassignment to the position of night porter effective August 11, 2003, as aforesaid, and until the date of his retirement, in or about July 2004, the plaintiff O'Connell was also damaged by the aforesaid unequal assignment of overtime in the building by the defendants PBC and Temco.

44.     On or about August 11, 2003, the plaintiff Phillips was informed by the defendants PBC and Temco that his position was being changed from night starter to night porter, the position he presently holds, and his position was so changed effective that date.

45.     The position of night porter in the building was and is a substantially less desirable position than the position of night starter.

46.     Upon information and belief, the night starter position in the building formerly held by the plaintiff Phillips was given by the defendants PBC and Temco to an employee of Spartan who is much younger than the plaintiff Phillips, and who has much less seniority in the building than the plaintiff Phillips.

47.     That following his removal from the position of night starter in the building and his reassignment to the position of night porter effective August 11, 2003, as aforesaid, the plaintiff Phillips also has been and continues to be damaged by the aforesaid unequal assignment of overtime in the building by the defendants PBC and Temco.

The Plaintiffs File Grievances Under the Collective Bargaining Agreement.

48.     Under the terms of the aforesaid collective bargaining agreement between

the defendants PBC, Temco and Local 32B-J, by which plaintiffs were and are covered, alleged violations of said agreement, or disputes arising under said agreement, are required to be resolved through a grievance procedure, the final step of which is binding arbitration administered through the office of the contract arbitrator designated in said agreement. Under the terms of the aforesaid collective bargaining agreement, any aggrieved employee covered by the agreement may file a grievance thereunder, but only the defendant Local 32 B-J may submit such grievance to binding arbitration.

49.      In or about August 2004, the plaintiff Pyett submitted a grievance or grievances to the defendant Local 32B-J, alleging that the defendants PBC and Temco violated the collective bargaining agreement, by changing his position in the building from night watchman to night porter, denying him the handyman position, depriving him of an equal opportunity to work overtime and discriminating against him because of his age.

50.      In or about August 2004, the plaintiff O'Connell submitted a grievance or grievances to the defendant Local 32 B-J, alleging that the defendants PBC and Temco violated the collective bargaining agreement, by changing his position in the building from night watchman to night porter, denying him the handyman position, depriving him of an equal opportunity to work overtime and discriminating against him because of his age.

51.      In or about August 2004, the plaintiff Phillips submitted a grievance or grievances to the defendant Local 32B-J, alleging that the defendants PBC and Temco violated the collective bargaining agreement, by changing his position in the building from night starter to night porter, depriving him or an equal opportunity to work overtime and discriminating against him because of his age.

52.     The aforesaid grievances of the plaintiffs not having been resolved at the preliminary steps of the grievance procedure of the collective bargaining agreement, the defendant Local 32 B-J duly submitted said grievances to binding arbitration under the agreement, and initially pursued each of the aforesaid claims set forth in said grievances in said arbitration.

53.     On or about February 4, 2004, the initial arbitration hearing was held on the plaintiffs' aforesaid grievances before the duly designated Arbitrator, Earl J. Pfeiffer.  At said arbitration hearing, the defendant Local 32 B-J stated its intention to proceed to arbitration on each of the aforesaid claims set forth in the plaintiffs' aforesaid grievances.

The Union Withdraws From Arbitration the Plaintiffs' Change of Position and Age Discrimination Grievances.

54.     By letter dated February 23, 2004, the defendant Local 32B-J, by its counsel, informed the aforesaid Arbitrator in the arbitration proceeding, that the defendant Local 32B-J was withdrawing from arbitration the plaintiffs' claims that their positions of employment and shifts were wrongfully changed and that they were discriminated against because of their age.

Plaintiff's File Age Discrimination Complaints with the EEOC.

55.     On or about May 20, 2004, each of the plaintiffs duly filed complaints with the Equal Employment Opportunity Commission, alleging that by reason of the defendants' PBC, 14 PPLLC and Temco's aforesaid acts, they were discriminated against because of their age, in violation of the Age Discrimination in Employment Act, 29 U.S.C § 623.

56.     On or about June 25, 2004, the EEOC issued right to sue letters to the plaintiffs O'Connell and Phillips.  The complaint of the plaintiff Pyett remains under

10

investigation by the EEOC.

## CAUSE OF ACTION

57.     Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs numbered "1" through "56" of this Complaint as though set forth fully at length herein.

58.     Article XIII, Section 1(f), of the collective bargaining agreement provides that the Employer shall follow and be bound by the rules of seniority of members  in the bargaining unit regarding job security.

59.     Article XIV, Section 11, of the collective bargaining agreement provides that in the event of layoff due to reduction of force, inverse order of department or job classification seniority shall be followed, except in circumstances not relevant herein.  Said section further provides that seniority of an employee shall be based upon total length of service with the Employer or in the building, whichever is greater.

60.     Article XIV, Section 30, of the collective bargaining agreement provides, among other things, that there shall be no discrimination against any employee by reason of the employee's  age.

61.      By removing the plaintiffs Pyett and O'Connell from their positions of night watchman, and replacing them with employees of  Spartan Security who had much less seniority and were much younger than them, defendants PBC and Temco clearly violated Article XIII, Section 1(f), and Article XIV, Sections 11 and 30, of the collective bargaining agreement.

62.     By removing the plaintiff Phillips from his position of night starter, and replacing him with an employee of Spartan Security who had much less seniority and was much

younger than him, defendants PBC and Temco clearly violated Article XIII, Section 1(f), and

Article XIV, Sections 11 and 30, of the collective bargaining agreement.

63.    Upon information and belief, the action of the defendant Local 32B-J of

withdrawing from arbitration the plaintiffs' aforesaid grievances that they were wrongfully

removed from their positions in the building and reassigned to less desireable positions, in

violation of the collective bargaining agreement, was based upon an agreement or understanding

entered into or otherwise reached or made between the defendants PBC, Temco and Local 32B-

J, to permit non-Local 32B-J represented employees to work in the building, i.e. employees of

Spartan Security, thereby resulting in or achieving cost savings to the defendants PBC or Temco,

by said defendants not being required to pay wages and benefits to such Spartan employees in

the same amounts that would be required to be paid to plaintiffs under the collective bargaining,

agreement had plaintiffs continued in their previously held positions and not been removed and

from said positions and reassigned to less desireable positions, as aforesaid.

64.    By reason of the foregoing, the action of the defendant Local 32B-J of

withdrawing from arbitration the plaintiffs' grievances that they were wrongfully removed from

their positions in the building and reassigned to less desireable positions and discriminated

against because of their age, in violation of the collective bargaining agreement, was arbitrary,

discriminatory and in bad faith.

65.    The defendant Local 32B-J's aforesaid action of withdrawing from

arbitration plaintiffs' aforesaid meritorious claims, based upon an improper agreement or

understanding with the defendants PBC and Temco to permit said  defendants to utilize building

service employees in the building not covered by the collective bargaining agreement, as

aforesaid, seriously undermined the arbitral process.

66.    Plaintiff Pyett has been damaged by the defendant Local 32B-J's aforesaid breach of its duty of fair representation toward him, by the loss of his position of night watchman and his reassignment to the position of night porter, in an amount presently unknown to him, to be determined at trial, but believed to be at least $250,000.

67.    Plaintiff O'Connell has been damaged by the defendant Local 32B-J's aforesaid breach of its duty of fair representation toward him, by the loss of his position of night watchman and his reassignment to the position of night porter, in an amount presently unknown to him, to be determined at trial, but believed to be at least $250,000.

68.    Plaintiff Phillips has been damaged by the defendant Local 32B-J's aforesaid breach of its duty of fair representation toward him, by the loss of his position of night starter and his reassignment to the position of night porter, in an amount presently unknown to him, to be determined at trial, but believed to be at least $250,000.

WHEREFORE, the plaintiffs, STEVEN PYETT,  THOMAS O'CONNELL, and MICHAEL PHILLIPS, pray for the entry of an order and judgment in their favor and against the defendants, LOCAL 32 B-32J SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO, PENNSYLVANIA BUILDING COMPANY, 14 PENN PLAZA LLC, and TEMCO SERVICE INDUSTRIES, INC., jointly and severally, as follows:

(a)    directing them to forthwith reinstate the plaintiff, STEVEN PYETT, to his position of night watchman;

(b)    directing them to forthwith reinstate the plaintiff, MICHAEL PHILLIPS, to his position of night starter;

(c)     awarding the plaintiff, STEVEN PYETT, compensatory damages in an amount to be determined at the trial of this action, but at least $250,000;

(d)     awarding the plaintiff, THOMAS O'CONNELL, compensatory damages in an amount to be determined at the trial of this action, but at least $250,000;

(e)     awarding the plaintiff, MICHAEL PHILLIPS, compensatory damages in an amount to be determined at the trial of this action, but at least $250,000;

(f)     awarding them punitive damages in an amount to be determined at the trial of this action, but at least $100,000 each;

(g)     awarding them prejudgment interest on the aforesaid amounts from February 23, 2004;

(h)     awarding them their reasonable attorneys fees of this action;

(I)     awarding them their costs and disbursements of this action; and

(j)     granting them such other, different, and further relief as to this Court seems just and proper.

14

Dated:   New York, New York
         August 20, 2004


                              KREISBERG MAITLAND & THORNHILL, LLP
                              Attorneys for Plaintiffs
`                             14 Penn Plaza
                              New York, New York 10122
                              (212) 629-4970

                              By: _____
                                    Jeffrey L. Kreisberg, Esq.  (2599)


                                    15